**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
No. 5:23-CV-00292-BO

| | |
|---|---|
| BROOKS BELL INTERACTIVE, INC.,<br><br>         Plaintiff,<br><br>  v.<br><br>HEAP INC.,<br><br>         Defendant. | **MEMORANDUM IN SUPPORT OF DEFENDANT HEAP INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iv

NATURE OF THE CASE ...................................................................................................2

STATEMENT OF FACTS ..................................................................................................2

I.     Brooks Bell's Causes of Action Relate Its Alleged ILLUMINATE Trademark And Activities That Began In Or Around June 2021 ................................................2

II.    Brooks Bell Alleges Personal Jurisdiction Based on The Parties' "Dealings," Which Were All Prior to The Allegedly Infringing Activity .........................................3

III.   Heap Is a California Company That Conducts Its Business From California, Including Its Business As Related to The Accused Activity ....................................................4

ARGUMENT .......................................................................................................................5

I.     Due Process Requires Dismissal For Lack Of Personal Jurisdiction Absent Either An At Home Presence or Claim-Based Conduct In The Forum State.............................5

II.    Brooks Bell Does Not Allege General Personal Jurisdiction in North Carolina, Nor Could It .......................................................................................................................7

III.   Brooks Bell Failed to Allege Facts Sufficient for Heap to be Subject to Specific Jurisdiction in North Carolina...............................................................................8

     a. *Heap Has Not Purposefully Availed Itself of the Privilege of Conducting Activities Within the State* ................................................................................8

     b. *Brooks Bell's Complaint Does Not Arise from Heap's Contacts "Expressly Aimed" At North Carolina*................................................................................10

     c. *The Exercise of Personal Jurisdiction Over Heap Would Not Comport with Traditional Notions of Fair Play and Substantial Justice* ...........................11

IV.   Alternatively, This Action Should Be Transferred to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) ......................................................................12

     a. *Brooks Bell's Choice of Venue Should Be Accorded Little Weight* ............13

     b. *Witness Convenience and Access Supports Transfer to California, and California is the More Convenient Location for This Litigation* ...................14

     c. *The Interest of Justice Supports Transfer to California* ...............................16

ii

CONCLUSION..................................................................................................................16

CERTIFICATE OF SERVICE ........................................................................................18

iii

# TABLE OF AUTHORITIES

**Cases**

*ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*,
  293 F.3d 707 (4th Cir. 2002) ................................................................................. 5, 6

*Atari Interactive, Inc. v. Target Corp.*,
  No. 19-CV-3111-LAK-OTW, 2019 WL 6728860, at \*3 (S.D.N.Y. Dec. 10, 2019) ............... 15

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
  582 U.S. 255 (2017) .................................................................................................. 10

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India*,
  862 F.3d 423 (4th Cir. 2017) ...................................................................................... 6

*Cohen v. ZL Techs., Inc.*,
  No. 3:14-cv-00377-FDW-DSC, 2015 WL 93732, at \*2 (W.D.N.C. Jan. 7, 2015) .................. 15

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
  561 F.3d 273 (4th Cir. 2009) ................................................................................... 6, 8

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................... 6, 7

*Duke v. Haslam*,
  No. 2:18-CV-12-FL, 2018 WL 5074581, at \*5 (E.D.N.C. Oct. 17, 2018) ............................... 7

*Elec. Broking Servs., Ltd. v. E-Bus. Sols. & Servs.*,
  285 F. Supp. 2d 686 (D. Md. 2003) ............................................................................ 11

*E. Maint. & Servs., Inc. v. Lady Deborah's, Inc.*,
  No. 5:05-CV-832-F2, 2007 WL 9710804, at \*4 (E.D.N.C. Mar. 21, 2007) ............................. 9

*Fields v. Sickle Cell Disease Ass'n of Am., Inc.*,
  376 F. Supp. 3d 647 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) ..................... 9

*Golden Corral Franchising Sys., Inc. v. GC of Vineland, LLC*,
  No. 5:19-CV-255-BO, 2020 WL 1312863, at \*2 (E.D.N.C. Mar. 17, 2020) ........................... 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................. 6, 10

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................. 5

*Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*,
    751 F. Supp. 93 (W.D.N.C. 1990) ........................................................ 14

*Lesnick v. Hollingsworth & Vose Co.*,
    35 F.3d 939 (4th Cir. 1994) ................................................................ 11

*Misys Healthcare Sys., LLC v. Billingnetwork, Inc.*,
    No. 5:07-CV-80-FL(3), 2008 WL 11429749, at *3 (E.D.N.C. Feb. 1, 2008) ........................... 7

*Mitrano v. Hawes*,
    377 F.3d 402 (4th Cir. 2004) ................................................................ 8

*Mylan Laboratories, Inc. v. Akzo, N.V.*,
    2 F.3d 56 (4th Cir.1993) ................................................................ 6

*North Carolina v. Blackburn*,
    No. 5:06-CV-300-D, 2007 WL 4458302, at *3 (E.D.N.C. Dec. 14, 2007) ........................... 13

*PNHC, LLC v. Ganja, LLC*,
    No. 5:20-CV-166-BR, 2021 WL 965309, at *4 (E.D.N.C. Mar. 15, 2021) ........................... 9

*Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732 (M.D.N.C. 2015
    117 F. Supp. 3d 732 (M.D.N.C. 2015) ........................................................ 10

*Rappoport v. Steven Spielberg, Inc.*,
    16 F. Supp. 2d 481 (D.N.J. 1998) ........................................................ 13

*Royall Lyme Bermuda Ltd. v. Coastal Fragrance, Inc.*,
    No. 97-CV-2711-JFK, 1997 WL 620840, at *2 (S.D.N.Y. 1997) ........................... 14

*Sears Cont., Inc. v. Sauer Inc.*,
    378 F. Supp. 3d 435 (E.D.N.C. 2019) ........................................................ 12

*Sneha Media & Ent., LLC v. Associated Broad. Co. P. Ltd.*,
    911 F.3d 192 (4th Cir. 2018) ................................................................ 6

*Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*,
    682 F.3d 292 (4th Cir. 2012) ................................................................ 5

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*,
    791 F.3d 436 (4th Cir. 2015) ................................................................ 13

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ................................................................ 12

*Walden v. Fiore*,
  571 U.S. 277 (2014) .......................................................................................... 7, 10


**Statutes and Other Authorities**

Fed. R. Civ. P. 12(b)(2) ....................................................................................... 1, 2, 5

28 U.S.C.§ 1404(a) ............................................................................... 1, 2, 12, 13, 14

*McCarthy on Trademarks and Unfair Competition*,
  § 32:73 (5th ed. June 2023 Update) ...................................................................... 13, 14

Pursuant to Local Civil Rule 7.2, Defendant Heap Inc. ("Defendant" or "Heap") submits this memorandum in support of its motion to dismiss Plaintiff Brooks Bell Interactive, Inc.'s ("Plaintiff" or "Brooks Bell") Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Heap, or, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Heap is a California-based company, incorporated in Delaware with its principal place of business in San Francisco, California. Yet Brooks Bell seeks to haul Heap into federal district court in Raleigh, North Carolina for its own convenience. Brooks Bell's personal jurisdiction allegations in its Complaint scrape the bottom of the barrel, focusing on "its dealings with Plaintiff as described herein"—those alleged "dealings" have thin, if any, connection to North Carolina and are unrelated to (in fact, pre-date) the activities forming the basis for Brooks Bell's claims. Indeed, these "dealings" include just one activity that actually took place in North Carolina: a conference in 2017, before Brooks Bell claims that either party used the alleged ILLUMINATE mark at issue in this litigation. The remainder of the "dealings" show California-based (not North Carolina-based) conduct, such as an agreement with a California choice of law provision, visits to California by Brooks Bell, and discussion about subleasing of space in San Francisco. Nor do they have anything to do with the accused activity: use of the alleged mark, or term, "illuminate." These types of contacts are not sufficient to demonstrate minimum contacts, and due process requires dismissal.

To the extent there is an appropriate venue for this dispute, it is the Northern District of California. The San Francisco Bay Area is where Heap is based and has its principal place of business, and it is where relevant witnesses and documents (to the extent they have a physical presence) are located.

Heap accordingly requests that this Court dismiss for lack of personal jurisdiction or, in the alternative, transfer to the Northern District of California.

## NATURE OF THE CASE

Brooks Bell filed this suit on June 1, 2023. The Complaint asserts three causes of action against Heap: federal claim of trademark infringement, and federal and common law claims of unfair competition, all based on alleged infringement of its purported mark ILLUMINATE.

Heap now moves to dismiss Brooks Bell's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or, in the alternative, to transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## STATEMENT OF FACTS

**I. Brooks Bell's Causes of Action Relate Its Alleged ILLUMINATE Trademark And Activities That Began In Or Around June 2021.**

All three of Brooks Bell's causes of action relate to its alleged exclusive rights to use the term "illuminate" in connection with various services relating to "analyzing," "maintaining… insights" gained from, and "assessing" (i.e., "illuminating") data. *See, e.g.*, Compl. ¶ 8, Ex. 1 (U.S. Reg. No. 5,638,239). Brooks Bell alleges that it filed a trademark application for ILLUMINATE in 2015 and later claimed May 1, 2018 as its date of first use in commerce. *Id*. ¶¶ 8, 9, Ex. 1. Brooks Bell alleges that Heap's later use of "illuminate" infringes its purported rights. *See, e.g.*, *id*. ¶ 14. Specifically, Brooks Bell alleges that at a meeting in December 2020, Brooks Bell "presented its capabilities to the Defendant representative, including a discussion of the Brooks Bell ILLUMINATE product services." *Id*. ¶ 25. Brooks Bell further alleges that at some point after having knowledge of Brooks Bell's purported "widespread" use, Heap started using the term "illuminate." *Id*. ¶ 15. Heap denies liability, but for purposes of this motion, it is the timing of these allegations that is relevant.

In or around June 2021, Heap adopted the phrase "Heap Illuminate" to describe a particular tool on its platform that "illuminates" Heap's data insights. Declaration of Steve Love ("Love Decl.") ¶ 2. On June 17, 2022, Brooks Bell sent Heap a cease and desist letter regarding its use of "Heap Illuminate," alleging that Heap's use of the term "illuminate" infringes Brooks Bell's ILLUMINATE mark. Compl. ¶¶ 30, 32. The parties continued to exchange correspondence regarding Heap's use of "Heap Illuminate" through January 2023. *Id*. ¶¶ 33–35. On June 1, 2023, Brooks Bell instituted the current action, asserting claims of federal trademark infringement and federal and common law unfair competition based on its alleged exclusive rights to use the term "illuminate."

## II. Brooks Bell Alleges Personal Jurisdiction Based on The Parties' "Dealings," Which Were All Prior to The Allegedly Infringing Activity.

Brooks Bell alleges that this Court has personal jurisdiction over Heap in connection with its three causes of action based on "among other things, its dealings with Plaintiff as described herein." Compl. ¶ 6. Brooks Bell does not allege any "other things." With respect to the parties "dealings," Brooks Bell alleges that the parties had "a years-long business relationship" that "had begun at least as early as 2017." *Id*. ¶ 16. Brooks Bell's specific allegations about this purported business relationship point to only (i) one alleged conference that a Heap employee attended in-person in North Carolina in 2017 (before either party's claimed first use of "illuminate" in commerce), *id*. ¶¶ 17–23; (ii) a series of alleged meetings and communications between the parties occurring either *in California* or with no disclosed location (i.e., not alleged to have occurred in North Carolina),[1] *id*. ¶¶ 24–25; and (iii) an agreement between the parties that is wholly unrelated to the alleged ILLUMINATE mark and that contains a *California* choice of law provision. *Id*.

---

[1] Brooks Bell alleges a total of five meetings or communications occurred between 2018 and 2020. Compl. ¶¶ 24–25.

¶ 26, Ex. 6.  All of these alleged activities took place before the accused infringement, namely, Heap's use of "Heap Illuminate," which began in or around June 2021.  And only one of them had anything to do with Brooks Bell's use of ILLUMINATE—a 2020 demo by Brooks Bell that purportedly included a discussion of its "ILLUMINATE product services," with no allegation that this occurred in North Carolina.  Compl. ¶ 25.

**III.   Heap Is a California Company That Conducts Its Business From California, Including Its Business As Related to The Accused Activity.**

There is no dispute that Heap is a California-based company.  As Brooks Bell acknowledges in its Complaint, Heap is a corporation organized under the laws of Delaware with its principal place of business is in San Francisco, California.  Compl. ¶ 3; Love Decl. ¶ 3.  To the extent that Heap has a meaningful business presence in any one state, it is in California.  Love Decl. ¶ 4.  Heap's headquarters is in San Francisco, the largest percentage of employees and personnel in any one state are based in California, and the largest percentage of customers in any one state is in California.  *Id.* ¶ 4.  Heap's bank accounts and billing are conducted in and from California.  *Id.* ¶ 4; *see* Compl. Ex. 4 (indicating Heap's billing address is in San Francisco).

Even more importantly, Heap's contacts *relevant to this dispute* are also located in the San Francisco Bay Area.  All the Heap employees referenced in Brooks Bell's Complaint are (or were at the relevant time) based in the Bay Area, California.  *See* Love Decl. ¶ 6; Compl. ¶¶ 21–22 (referencing Heap co-founder Ravi Parikh, who is no longer with the company but was based in the Bay Area, California); Compl. Ex. 3 (referencing Todd Busler, Heap's head of new business, with a mailing address in San Francisco, CA)[2]; *id.* Ex. 6 (referral agreement signed by Ada

---

[2] Based on their LinkedIn profiles, both Ravi Parikh and Todd Busler are now located in New York working for different companies.  Declaration of Diana Rutowski ("Rutowski Decl."), Exs. D, E.  Neither are within the subpoena power of this Court.

Johnson, Heap's VP Finance, who is based in the Bay Area, California). Currently, the most senior employee at Heap that would have any remaining knowledge of Heap's dealings with Brooks Bell is based in the Bay Area, California. Love Decl. ¶ 6. Other witnesses that may have information relevant to this dispute regarding Heap's use of "Heap Illuminate," including Heap's Chief Executive Officer, Chief Product Officer, and executives with knowledge of Heap's finances and accounting, are all based in or around the Bay Area, California. *Id*. ¶ 5. To the extent that any documents relevant to this dispute have a physical location, that location is in the Northern District of California. *Id*. ¶¶ 4–6. And to the extent Heap's customers may become relevant third-party witnesses about "Heap Illuminate," those customers are most likely located in the Bay Area, California. *Id.* ¶ 4.

## ARGUMENT

**I. Due Process Requires Dismissal For Lack Of Personal Jurisdiction Absent Either An At Home Presence or Claim-Based Conduct In The Forum State.**

Rule 12(b)(2) requires the Court to dismiss a claim for lack of personal jurisdiction when due process requirements are not met. "A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). The Due Process Clause requires that a defendant have sufficient "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

Personal jurisdiction may be either "general" or "specific," but one must be satisfied. *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). The Supreme Court has emphasized the very limited nature of general jurisdiction—i.e., jurisdiction for all purposes

including where the contacts with the forum are unrelated to the plaintiff's cause of action—and has limited such jurisdiction to those few forums where the defendant may be viewed as "at home" in the forum, such as where the corporation is headquartered or incorporated. *See Daimler AG v. Bauman*, 571 U.S. 117, 118-19 (2014) (emphasizing the limited reach of general jurisdiction and rejecting standard based on "continuous and systematic" contacts unless equivalent to being "at home" in the forum). The general jurisdiction inquiry is a "demanding" standard. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). This Court has explained that the contacts required to exercise general jurisdiction must be so extensive as to "approximate physical presence" in the state. *Id.* (quoting *Lab'y Corp. of Am. Holdings v. Schumann*, 474 F. Supp. 2d 758, 765 (M.D.N.C. 2006)). This is so because general jurisdiction permits a defendant to "be sued in that state for any reason, regardless of where the relevant conduct occurred." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009).

The burden rests with the plaintiff "to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir.1993). To satisfy specific jurisdiction, the plaintiff must show (1) that the defendant purposefully availed itself of the privilege of conducting activities in the forum state (here, North Carolina); (2) that the plaintiff's claims arose out of the activities that the defendant directed at North Carolina; *and* (3) that the district court's exercise of personal jurisdiction over the defendant would be constitutionally reasonable. *Sneha Media & Ent., LLC v. Associated Broad. Co. P. Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018) (citing *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)). This requires "principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919

6

(2011).  Importantly, not just any contact with the State will do.  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a **substantial connection** with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added).

A plaintiff's failure to allege sufficient facts supporting personal jurisdiction in its complaint warrants dismissal.  *Duke v. Haslam*, No. 2:18-CV-12-FL, 2018 WL 5074581, at *5 (E.D.N.C. Oct. 17, 2018) (finding plaintiff failed to allege personal jurisdiction where "there are no facts in the complaint which allege defendant has purposefully availed himself of the privilege of conducting activities in the State of North Carolina, and that plaintiff's claims arise out of those activities") (citations omitted)).

## II.    Brooks Bell Does Not Allege General Personal Jurisdiction in North Carolina, Nor Could It.

Heap is not subject to general personal jurisdiction in North Carolina because it is not incorporated, headquartered, or otherwise "at home" in this State.  Brooks Bell acknowledges that Heap is a Delaware corporation with a principal place of business in California—it is neither incorporated in nor headquartered in North Carolina.  Compl. ¶ 3; Love Decl. ¶ 3.  The Supreme Court has emphasized that instances in which general jurisdiction extended beyond the corporation's state of incorporation or headquarters would be the rare exception.  *Daimler*, 571 U.S. at 139 n.19.  Brooks Bell does not even attempt to allege that Heap has the type of constant and pervasive contacts with North Carolina that would render Heap "essentially at home" in the state.  *Id.* at 133 n.11; *see, e.g.*, *Misys Healthcare Sys., LLC v. Billingnetwork, Inc.*, No. 5:07-CV-80-FL(3), 2008 WL 11429749, at *3 (E.D.N.C. Feb. 1, 2008) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1198–200 (4th Cir. 1993)) (denying general jurisdiction where "advertising and solicitation activities" including employing promotional representatives and managers, possessing

cars in the state, and executing a contract with a research company in the state "alone do not constitute the 'minimum contacts' required for general jurisdiction").  Heap is thus not subject to general personal jurisdiction in North Carolina.

III.    **Brooks Bell Failed to Allege Facts Sufficient for Heap to be Subject to Specific Jurisdiction in North Carolina.**

Brooks Bell has also failed to allege facts that would confer specific personal jurisdiction over Heap with respect to its claims.  Brooks Bell's allegations do not establish specific personal jurisdiction because: (1) Brooks Bell's claims do not demonstrate that Heap has purposefully availed itself of the privilege of conducting activities within the State; (2) Brooks Bell's claims have not arisen out of Heap's activities "expressly aimed" at North Carolina; and (3) this Court's exercise of personal jurisdiction over Heap would violate due process.  Brooks Bell's allegations are a futile stretch.  The only connection Brooks Bell alleges with North Carolina is the parties' "dealings" which are wholly unrelated to the activities that form the basis for the claims (all pre-dating the allegedly infringing activity), and only one of which of which is alleged to have actually occurred in North Carolina back in 2017.  Indeed, the activities giving rise to this lawsuit are wholly unrelated to this State and cannot confer personal jurisdiction on Heap in North Carolina.

a.    *Heap Has Not Purposefully Availed Itself of the Privilege of Conducting Activities Within the State.*

The first component of the specific jurisdiction analysis "articulates the minimum contacts requirement of constitutional due process."  *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009).  In the Fourth Circuit, minimum contacts are established where a defendant directs activities to the State "in more than a random, fortuitous, or attenuated way," such that it "should be able to anticipate being sued" in the forum.  *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004).

Here, the only connections to North Carolina that Brooks Bell can muster are random, fortuitous, and attenuated. Brooks Bell alleges that Heap "has a years-long business relationship" with Brooks Bell, which included only one employee's attendance at a conference in North Carolina in 2017, an unrelated contract entered into by the parties more than two years ago (with *California* as the governing law), and some interactions between the parties that are not even alleged to have occurred in North Carolina (but in fact were California-based). Compl. ¶¶ 16–18, 24–26. None of these activities are sufficient to establish minimum contacts. *See, e.g.*, *E. Maint. & Servs., Inc. v. Lady Deborah's, Inc.*, No. 5:05-CV-832-F2, 2007 WL 9710804, at *4 (E.D.N.C. Mar. 21, 2007) (finding business relationship between parties was "insufficient to establish that LDI has participated in 'continuous and systematic' activities in North Carolina"); *Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 651–52 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) (citing *Perdue Foods LLC*, 814 F.3d at 190–91) (denying that a contract established basis for personal jurisdiction where it was governed by Maryland law and had no other connection to North Carolina because "to serve as a basis for personal jurisdiction 'the continuing obligations' underlying the contract must 'strengthen a defendant's contacts with the plaintiff's forum'"); *PNHC, LLC v. Ganja, LLC*, No. 5:20-CV-166-BR, 2021 WL 965309, at *4 (E.D.N.C. Mar. 15, 2021) (finding that a single contract with a Nevada choice of law clause and discussions relating to the contractual relationship were insufficient to establish personal jurisdiction). Indeed, as the Court held in *PNHC*, the Nevada (or here California) choice of law clause "suggests defendants had no intention of subjecting themselves to the laws of this state. *Id*. Similarly, the activities that Brooks Bell alleges are insufficient to show that Heap has purposefully availed itself of the privilege of conducting activities within the state. Brooks Bell has failed to establish minimum contacts and the Court need look no further than this first prong to dismiss.

9

b. *Brooks Bell's Complaint Does Not Arise from Heap's Contacts "Expressly Aimed" At North Carolina.*

Not only does Brooks Bell fail to allege contacts "expressly aimed" at North Carolina, but worse, the claims in the Complaint do not arise from any of the attenuated contacts alleged. The United States Supreme Court has repeatedly stated that it is "the defendant's *suit-related* conduct [that] must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis added). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 264 (2017).

As discussed above, Brooks Bell's personal jurisdiction allegations boil down to "dealings" between the parties, all of which pre-date, and none of which have anything to do with Heap's allegedly infringing activities. Critically, the Complaint mentions *one* activity that took place specifically in North Carolina: Heap's attendance at Brooks Bell's 2017 Click Summit, which occurred before Brooks Bell's claimed first use in commerce of its ILLUMINATE mark and before Heap's allegedly infringing activities. Compl. ¶¶ 16–18, 9, Ex. 1. Beyond that, Brooks Bell's Complaint makes vague statements about Heap's "business relationship" and "dealings" with Brooks Bell between 2018 and 2020 without alleging any relevant contacts in North Carolina that gave rise to Brooks Bell's claims based on allegedly infringing activity that began in or around June 2021. Compl. ¶¶ 16–18, 24–26; Love Decl. ¶ 2. Such unrelated conduct fails to meet the second prong of the personal jurisdiction analysis. *See Goodyear*, 564 U.S. at 930 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 741–42 (M.D.N.C. 2015) (rejecting specific jurisdiction over defendant in trademark case where defendant maintained a registered agent, previously engaged in business, exchanged emails

with Plaintiff, and hosted a yearly competition, all in North Carolina, because they failed to demonstrate the contacts gave rise to the claims, and the past activity was not related to and occurred before the alleged infringement). Because none of Brooks Bell's allegations include *suit-related* conduct creating a substantial connection to North Carolina, there cannot be specific personal jurisdiction over Heap in the State.

c. *The Exercise of Personal Jurisdiction Over Heap Would Not Comport with Traditional Notions of Fair Play and Substantial Justice.*

In assessing whether an exercise of personal jurisdiction comports with "fair play and substantial justice," courts generally look to: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Elec. Broking Servs., Ltd. v. E-Bus. Sols. & Servs.*, 285 F. Supp. 2d 686, 692 (D. Md. 2003) (citing *B.E.E. Int'l, Ltd. v. Hawes*, 267 F. Supp. 2d 477, 486 (M.D.N.C. 2003); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945–46 (4th Cir. 1994)). Brooks Bell's personal jurisdiction allegations fail to meet this prong as well.

First, the burden on Heap, a corporation located in California, to defend this suit in the Eastern District of North Carolina is considerable, especially since the locus of its business and the witnesses and documents that would be relevant to this dispute are all based in California. Love Decl. ¶¶ 4–6. Brooks Bell has simply chosen the forum that is most convenient for itself and strains in its efforts to find a connection between Heap and the forum state. It alleges no ties that have anything to do with the causes of action pleaded in the Complaint, let alone ties sufficient to confer either general or specific personal jurisdiction on Heap.

Second, the State of North Carolina has no particularized interest in resolving this dispute,

which according to Brooks Bell's Complaint centers on Heap's business, which is conducted from California. Love Decl. ¶¶ 4–6. Brooks Bell does not allege that any actions related to Heap's alleged use of "Heap Illuminate" took place in North Carolina nor are any North Carolina actions giving rise to the causes of action pleaded in the Complaint.

Third, neither the judicial system's interest in efficient resolution of disputes nor the shared interests of the several states in furthering social policies are implicated in this matter. In fact, if anything, those factors weigh against Brooks Bell's assertion of jurisdiction in this State, as Brooks Bell's allegations demonstrate that the locus of the parties' relationship, if any, was San Francisco, California, not North Carolina. *See* Compl. ¶ 24, Ex. 6 (discussions regarding sublease and in-person visits in San Francisco; contract between the parties with a California choice of law provision).

Brooks Bell's strained allegations demonstrate that the exercise of personal jurisdiction over Heap in North Carolina would not comport with due process.

## IV. Alternatively, This Action Should Be Transferred to the Northern District of California Pursuant to 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice" an action may be transferred to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A transfer of venue under § 1404(a) is 'a matter resting in the sound discretion of the District Judge.'" *Sears Cont., Inc. v. Sauer Inc.*, 378 F. Supp. 3d 435, 438 (E.D.N.C. 2019) (quoting *S. Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956)). The purpose of Section 1404 is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.–585*, 364 U.S. 19, 26–27 (1960)).

The convenience factors courts consider are: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "As a court considers such factors, it is mindful that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the 'art of judging.'" *Golden Corral Franchising Sys., Inc. v. GC of Vineland, LLC*, No. 5:19-CV-255-BO, 2020 WL 1312863, at *2 (E.D.N.C. Mar. 17, 2020) (citation omitted). Any deference to the forum chosen by the plaintiff that files its action first can be overcome by a showing that an alternative forum provides greater convenience to the litigants, or is in some other way in the interests of the efficient administration of justice. "[I]f, in a trademark infringement case, it appears that the [alleged infringer] has its principal place of business in the transferee forum, all of [the alleged infringer's] witnesses reside there, and the law of that forum state has to be applied, a § 1404(a) transfer may be justified." *See* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 32:73 (5th ed. June 2023 Update). Such is the case here, where Heap's principal place of business and its business activity is focused in the Northern District of California.

      a. *Brooks Bell's Choice of Venue Should Be Accorded Little Weight.*

In *North Carolina v. Blackburn*, the Court explained that while a court gives "due weight" to a plaintiff's choice of forum, transfer may be warranted where the other § 1404(a) factors favor transfer. No. 5:06-CV-300-D, 2007 WL 4458302, at *3 (E.D.N.C. Dec. 14, 2007) (warranting transfer when the contract was formed in the proposed transferee forum and the witnesses reside there). In addition, deference to a plaintiff's choice of forum is "curbed" when the choice "has little connection with the operative facts of the lawsuit." *Rappoport v. Steven Spielberg, Inc.*, 16

F. Supp. 2d 481, 500 (D.N.J. 1998). In *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, the court explained that plaintiff's choice of forum must be balanced with the other factors on a § 1404(a) motion. 751 F. Supp. 93, 96 (W.D.N.C. 1990). After determining that most of the witnesses and documents were in the proposed transferee forum, the court granted the motion even though Plaintiff had filed in his home forum. *Id.* at 98.

Here, aside from Brooks Bell's presence in North Carolina, there is no justification for this action to proceed in the State. Brooks Bell does not allege any connection between the purportedly infringing activities and the State of North Carolina. Moreover, even the parties' relationship as alleged in the Complaint is California-focused—some meetings occurred in California, Brooks Bell was considering office space in San Francisco, and even the parties' agreement that Brooks Bell attached to the complaint is governed by California law. *See* Compl. ¶¶ 24–26. Indeed, Brooks Bell itself has connections to the Northern District of California: for example, it has an office located in San Francisco. Rutowski Decl., Exs. A, B, C. This factor weighs in favor of transfer to California, or is at least neutral.

   b. *Witness Convenience and Access Supports Transfer to California, and California is the More Convenient Location for This Litigation.*

Courts have routinely favored transfer of the case to the locus of the alleged infringer in trademark cases like this one where the alleged infringer has its principal place of business in the transferee forum and the alleged infringers' witnesses reside there. *See* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 32:73 (5th ed. June 2023 Update) (citing *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627 (N.D. Ill. 1997) (transferring from N.D. Ill. to C.D. Cal., where defendant and evidence were located); *Royall Lyme Bermuda Ltd. v. Coastal Fragrance, Inc.*, No. 97-CV-2711-JFK, 1997 WL 620840, at *2 (S.D.N.Y. 1997) (transferring from S.D.N.Y. to D. Md., where defendant and "the vast majority

of the operative events" were located); *Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-3111-LAK-OTW, 2019 WL 6728860, at *3 (S.D.N.Y. Dec. 10, 2019) (transferring early in the case from S.D.N.Y. to D. Minn., the home office of defendant, a nationwide retail chain despite the fact deposition witnesses were mainly in Minnesota)).

In this case, Brooks Bell is the only party that resides in North Carolina. Heap is a California-based company and conducts its business out of California. For example, more of Heap's employees and customers are based in California than in any other state. Love Decl. ¶ 4. Heap's senior executives and leadership team are based in California. *Id.* Its bank accounts are in California. *Id.*

As it relates to this litigation in particular, it is highly likely that witnesses and business records (to the extent they have physical presences) related to Heap's accused activities would be located in California. For example, employees at Heap who have had contact with Brooks Bell are primarily located in California. Love Decl. ¶ 6. Those who would have been involved in making the decision to adopt the "Heap Illuminate" name are based in California. *Id.* ¶¶ 4–6. The largest percentage of Heap employees and customers in any one state are located in California. *Id.* ¶ 4. Since the highest percentage of Heap's customers is in California and the majority of Heap's business is conducted from California, to the extent there are third-party witnesses, it is likely they would be in California. *See Cohen v. ZL Techs., Inc.*, No. 3:14-cv-00377-FDW-DSC, 2015 WL 93732, at *2 (W.D.N.C. Jan. 7, 2015) (finding in favor of transfer where Defendant identified third-party witnesses in California and none in North Carolina). Moreover, as mentioned above, Brooks Bell itself has an office located in the Northern District of California in San Francisco. *See* Rutowski Decl., Exs. A, B, C.

Thus, these two factors weigh in favor of transfer.

c. *The Interest of Justice Supports Transfer to California.*

The interest of justice also favors transferring this dispute to California because Heap is based there. Instead of hauling Heap into a court in a state where it has no significant contacts— let alone any relating to the underlying dispute—in violation of the notions of fair play and substantial justice, this same dispute could be resolved in a district where Heap is subject to jurisdiction. Accordingly, Brooks Bell can have its day in court, but it should occur in the Northern District of California.

## CONCLUSION

For the reasons set forth above, Heap respectfully requests that this case be dismissed for lack of personal jurisdiction. Alternatively, this Court should transfer this action to the Northern District of California.

Dated: August 11, 2023

RESPECTFULLY SUBMITTED,

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: */s/ Diana Rutowski*

Diana Rutowski
drutowski@orrick.com
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone: +1 650 614 7400
Facsimile:  +1 650 614 7401
CA State Bar No. 233878

**MORNINGSTAR LAW GROUP**

By: */s/ John T. Kivus*

Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
John T. Kivus
N.C. State Bar No. 42977
jkivus@morningstarlawgroup.com
421 Fayetteville Street, Suite 530
Raleigh, NC  27601
Telephone: +1 919 948 3849
Facsimile:  +1 919 882 8890

*Attorneys for Defendant Heap Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Devon E. White
Charles George
Wyrick Robbins Yates & Ponton, LLP
4101 Lake Book Trail, Suite 300
Raleigh, NC 27607
dwhite@wyrick.com
cgeorge@wyrick.com

SO CERTIFIED this 11th day of August, 2023.

*/s/ John T. Kivus*
John T. Kivus

*Attorneys for Defendant Heap Inc.*